UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Alexander Brown, #51104, | ) C/A No. 4:21-1234-TMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Director Ray, | ) |
| Sgt. Mike Alston, | ) |
| Linda McCreary, | ) Report and Recommendation |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

On May 5, 2021, Plaintiff was informed via court order of deficiencies in his Complaint that would subject his Complaint to summary dismissal and was given an opportunity to file an Amended Complaint. (ECF No. 7). Plaintiff availed himself of the opportunity and filed an Amended Complaint (ECF No. 10); however, some deficiencies persist and the action is subject to partial summary dismissal.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges his claims are under the First, Fourth, Eighth, and Fourteenth Amendments and that his due process and equal protection rights have been violated. (ECF No. 10 at 4). Plaintiff alleges Defendant Ray did not allow him personal property shoes that had been approved by medical due to problems with neuropathy in his legs and feet, (ECF No. 10 at 10-14). Plaintiff alleges at Plaintiff's attorney's prompting, Plaintiff requested evidence from his mother for his criminal defense. The evidence was time stamped screen shots of text messages and some legal case law. Plaintiff believed his mail was being hindered by McCreary and had his mother send the same exact mailing to both him and another inmate to see if they would both receive it. The other inmate received the package in his possession, but Plaintiff's mother received a return to sender as to Plaintiff's same package. Plaintiff alleges the evidence is pertinent to his defense and the timeline of alleged events in his criminal action. Plaintiff asserts the same package was received by another inmate and was not a threat, was pertaining to his case, not illegal or vulgar, and the denial of access was purposeful because another similarly situated inmate received the same exact content from the same sender. (ECF No. 10 at 15-17).

Plaintiff provides sufficient allegations to withstand summary dismissal as to Defendants Ray and McCreary.

Plaintiff alleges Defendant Alston verbally sexually assaulted him during a strip search. (ECF No. 10 at 5). Plaintiff's allegations regarding a strip search and cell search are subject to summary dismissal. Plaintiff has failed to state a claim upon which relief can be granted. Persons lawfully arrested on probable cause and detained lose right of privacy from routine searches of cavities of their bodies and their jail cells as do convicted felons. *Jones v. Murray*, 962 F.2d 302, 306 (4th Cir. 1992)(*citing Bell v. Wolfish*, 441 U.S. 520, 559-560 (1979); *Hudson v. Palmer*, 468 U.S. 517, 530

(1984)). Further, verbal threats do not arise to a claim of constitutional magnitude. *Sloan v. Lee*, No. 13-3843, 2015 WL 273219, at *18 (D. Md. Jan. 20, 2015)(*citing Pink v. Lester*, 52 F.3d 73, 75 (4th Cir.1995), *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir.2001), *Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005)).

Defendant Alston is subject to summary dismissal as Plaintiff has failed to state a cognizable claim against him.

Plaintiff has been previously notified of deficiencies in the original complaint, has been given an opportunity to amend his complaint, and has availed himself of the opportunity to amend but deficiencies remain regarding a Defendant.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case. Specifically, it is recommended that Defendant Alston be summarily dismissed with prejudice[1] and without issuance and service of process.  In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Ray and McCreary.

|  | s/ Thomas E. Rogers, III |
|---|---|
| May 17, 2021 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] The Fourth Circuit Court of Appeals has found where the district court already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order." *Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018)(Table); *Knox v. Plowden*, 724 Fed. Appx. 263 (4th Cir. May 31, 2018)(Table)(on remand, district judge dismissed the action with prejudice); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018)(unpublished).  Thus, in line with Fourth Circuit cases, the undersigned recommends the dismissal of Defendant Alston in this case be with prejudice, as Plaintiff has had an opportunity to amend, filed an Amended Complaint, and has failed to cure deficiencies as to that Defendant.

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).