# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Demetrius Alexander Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:21-cv-1234-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Director Ray; Sgt. Mike Alston; and Linda McCreary, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Demetrius Alexander Brown, a state pretrial detainee proceeding *pro se*, brought this action under 42 U.S.C. § 1983 (ECF No. 1) and was permitted to proceed *in forma pauperis* under 28 U.S.C. §§ 1915 and 1915A (ECF Nos. 2; 8). Plaintiff alleges that Defendants abridged his rights under the Fourth, Eighth and Fourteenth Amendments by searching his cell without a warrant, performing a strip search, and seizing his personal, medically-necessary shoes. (ECF No. 1 at 4–6). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). After an initial review, the magistrate judge issued an order advising Plaintiff that his action was subject to partial summary dismissal to the extent he claimed he was subjected to an unconstitutional strip search and cell search. (ECF No. 7 at 1–2). The magistrate

judge concluded that, with respect to those allegations, the complaint "failed to state a claim upon which relief can be granted" as "[p]ersons lawfully arrested on probable cause and detained lose [the] right of privacy from routine searches of cavities of their bodies and their jail cells as do convicted felons." *Id*. at 1–2 (citing *Jones v. Murray*, 962 F.2d 302, 306 (4th Cir. 1992)). The magistrate judge granted Plaintiff twenty-one days from the date of the order, plus three days to allow for mailing, to file an amended complaint correcting the deficiencies. *Id*. at 2. The order warned Plaintiff that the failure to do so would result in a recommendation for summary dismissal of these claims. *Id*. at 2.

On May 13, 2021, Plaintiff filed an amended complaint. (ECF No. 10). The allegations were generally the same as those asserted in the original complaint, and Plaintiff continued to assert that Defendant Alston conducted an unconstitutional body cavity search which amounted to a "verbal[] sexual[] assault[]." *Id*. at 8–9. The amended complaint dropped Detective Charles Scott Bonner as a defendant in the action but added Linda McCreary as a defendant. *Id*. at 1. The amended complaint also added new allegations that Defendants had unlawfully interfered with mail from Plaintiff's attorney and from his family. *Id*. at 16–17.

On May 17, 2021, the magistrate judge issued a Report and Recommendation (the "Report") (ECF No. 17) setting forth the following findings and conclusions:

> Plaintiff availed himself of the opportunity and filed an Amended Complaint; however, some deficiencies persist and the action is subject to partial summary dismissal.
>
> Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his claims are under the First, Fourth, Eighth, and Fourteenth Amendments and that his due process and equal protection rights have been violated. Plaintiff alleges Defendant Ray did not allow him personal property shoes that had been approved by medical due to problems with neuropathy in his legs and feet. Plaintiff alleges at Plaintiff's attorney's prompting, Plaintiff requested evidence from his mother for his criminal defense. The evidence was time stamped screen shots of text messages and some legal case law. Plaintiff believed his mail was being hindered by McCreary and had his mother send the same exact mailing to both him and another inmate to see if they would both receive it. The other inmate received the package in his possession, but Plaintiff's mother received a return to sender as to Plaintiff's same package. Plaintiff alleges the evidence is pertinent to his defense and the timeline of alleged events in his criminal action. Plaintiff asserts the same package was received by another inmate and was not a threat, was pertaining to his case, not illegal or vulgar, and the denial of access was purposeful because another similarly situated inmate received the same exact content from the same sender.

*Id*. at 2–3 (internal docket citations omitted). The magistrate judge concluded, pursuant to his § 1915(e) review, that the foregoing allegations were sufficient to withstand summary dismissal as to Defendants Ray and McCreary at this point in the litigation. *Id*. at 2.

With respect to Plaintiff's assertion that "Defendant Alston verbally sexually assaulted him during a strip search," the magistrate judge concluded that Plaintiff

"failed to state a claim upon which relief can be granted" because "[p]ersons lawfully arrested on probable cause and detained lose [the] right of privacy from routine searches of cavities of their bodies and their jail cells as do convicted felons." *Id*. at 3. Additionally, the magistrate judge noted that "verbal threats do not arise to a claim of constitutional magnitude." *Id*. at 4. Therefore, the magistrate judge recommended the court summarily dismiss Plaintiff's claims against Defendant Alston with prejudice and without issuance and service of process. *Id*. The Report advised Plaintiff of his right to file specific written objections to the magistrate's ruling and recommendation and of the consequences of failing to do so. *Id*. at 5. On May 17, 2021, the Report was sent via United States mail to Plaintiff at the address he has provided the court. (ECF No. 18). The Report has not been returned as undeliverable. To date, neither party has filed objections to the Report and the time for doing so has now passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's conclusions and recommendations in the Report (ECF No. 17), which are incorporated herein by reference. Therefore, the claims set forth in the amended complaint (ECF No. 10) against **Defendant Alston** are **DISMISSED with prejudice** and without issuance and service of process.[1]

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina<br>
June 29, 2021

---

[1] Plaintiff's claims against Defendants Ray and McCreary remain pending, and the magistrate judge has issued an order authorizing service of process as to Defendants Ray and McCreary. (ECF No. 16).

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.