# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:21-cv-1234-TMC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Director Ray and Linda McCreary, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Demetrius Alexander Brown, a state prisoner proceeding *pro se* and *in forma paurperis*, filed an amended complaint against Defendants Director Ray ("Ray") and Linda McCreary ("McCreary") pursuant to 42 U.S.C. § 1983. (ECF No. 10). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff filed a motion for summary judgment (ECF No. 40) and Defendants filed a response in opposition (ECF No. 42) to which Plaintiff filed a reply (ECF No. 47). Defendants filed a cross-motion for summary judgment (ECF No. 43) and Plaintiff filed a response in opposition (ECF No. 49) to which Defendants filed a reply (ECF No. 52).

Now before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that the court grant Defendants' motion for

summary judgment and deny Plaintiff's motion for summary judgment. (ECF No. 59 at 32). Plaintiff filed objections. (ECF No. 61). The matter is ripe for review, and the court concludes that a hearing is unnecessary as the issues are adequately presented and developed in the materials presented by the parties.

## I. Facts and Procedural Background

In his detailed and thorough Report, the magistrate judge fully recounts Plaintiff's factual allegations as well as the evidence submitted in support of the parties' competing summary judgment motions. (ECF No. 59 at 4–14). Because Plaintiff does not object to this general recitation of background information, the court incorporates this portion of the Report and need not recount the facts at length here.

### *Defendant Director Ray*

Plaintiff alleges that Director Ray, who served as the Director and ranking officer at the Sumter-Lee Regional Detention Center ("SLRDC"), where Plaintiff was housed during the relevant time period, violated his rights under the Eight and Fourteenth Amendments by not allowing him to have his personal shoes with shoestrings—even though he was medically cleared to have personal shoes—on account of his status as a Muslim in contrast to some non-Muslim inmates who were allegedly permitted to have shoes with shoestrings. (ECF No. 10 at 10–14). Director Ray attests that SLRDC policy prohibits "[i]nmates in general population, including

inmates in B pod where [Plaintiff was] housed, . . . [from] hav[ing] shoes with shoestrings, as these can easily be used as a weapon against other inmates and staff or can be used to cause harm to the inmate." (ECF No. 43-2 at 2). Inmates are permitted under this policy "to have [their own personal] shoes provided by their family for medical reasons," but inmates "cannot have shoestrings, unless they are trustees who are working both in the jail and outside the jail." *Id*. Plaintiff, however, submitted affidavits from four fellow inmates indicating they saw other inmates at SLRDC who were allowed to wear personal shoes with shoestrings in them. (ECF No. 40-2 at 6–15). Plaintiff also submitted the affidavit of inmate Lyman who claims he was medically cleared to have personal shoes but that his shoes were confiscated because of the shoelaces which were deemed a "security threat." *Id*. at 4. Lyman noticed other inmates who were permitted to wear lace-up shoes and surmised that he was denied laces because of his Islamic faith. *Id*. Inmate Gainey also signed an affidavit attesting that he was approved by medical to keep his shoes with shoestrings and that he knew of about five more inmates in other pods that had shoestrings in their shoes because "I see them when I be called to medical to have my blood pressure checked each week." *Id*. Finally, Plaintiff presented an affidavit from his mother, Linda Brown, indicating she learned Plaintiff needed "supported sneakers" for pain in his feet and legs and, after initially speaking with SLRDC personnel to determine what was acceptable, she sent Plaintiff shoes with laces. *Id*.

3

at 18. When Plaintiff did not receive the sneakers, Ms. Brown attests that she spoke with Director Ray and was informed that Plaintiff was only permitted shoes with a velcro strap, not shoelaces. *Id*. Ms. Brown indicates she eventually obtained shoes with the velcro strap and mailed them to the Plaintiff at SLRDC. *Id*.

Director Ray presented medical documentation for Plaintiff and attested that Plaintiff's medical records do not reflect that Plaintiff needed to have special shoes with shoestrings but that medical had ordered compression socks for Plaintiff to help relieve foot and ankle pain. (ECF No. 43-2 at 3). Director Ray indicated she was not aware of medical prescribing shoes with shoelaces for any other inmates as such would contravene SLRDC policy. *Id*. at 2. With respect to the affidavits submitted from other inmates, Director Ray indicated that none are still housed at SLRDC, making it "impossible" to determine if they were allowed shoes with laces by medical. *Id*.

*Defendant McCreary*

Plaintiff also alleges McCreary violated his constitutional rights by interfering with his mail. McCreary is employed as a quality control specialist at SLRDC and is responsible for verifying released files, expungements, and employee background checks, and for responding to grievances. (ECF No. 43-3 at 1). McCreary does not regularly handle inmate mail but will occasionally assist. *Id*. at 2. Plaintiff's mother, Ms. Brown, indicated in her affidavit that she mailed Plaintiff hard copies of text

4

message screen shots for use in his criminal case but that the mail was returned to her rather than given to Plaintiff. (ECF No. 40-2 at 35–36). Plaintiff's evidence shows that his mother then re-sent the same documents to him and a separate copy to another inmate, Diantre Brown, who described himself as a "brother in Islam." *Id*. at at 33–34. Once again, Plaintiff did not receive the mail; Diantre Brown, however, did receive the mail from Plaintiff's mother. *Id*.

Although McCreary does not normally handle inmate mail, she is familiar with SLRDC mail policy for those times that she must assist with mail intake. (ECF No. 43-3 at 2). Incoming mail "must be sent in a standard size envelope, unless it is legal mail." *Id*. Incoming mail must show a return address "or it will be returned to the post office." *Id*. SLRDC policy requires all incoming mail to be inspected for contraband; if it is designated as legal mail, however, the inspection occurs in the presence of the inmate-addressee. *Id*. If the mail is not legal mail, it is inspected for contraband and may also "be read to determine if there is a threat to the safety and security of the institution." *Id*. Pursuant to the policy, SLRDC officials scan to determine whether the mail contains "content that could incite violence or discord" or sexual content or content containing "violence, vulgar language, or immoral acts." *Id*. at 3.

McCreary remembers receiving mail addressed to Plaintiff containing papers with "language that was vulgar, profane, antagonistic toward Muslims and appeared

5

to contain threats of violence." *Id*. at 3. Major Lumpkin indicated the mail should be returned to sender because it violated SLRDC policy prohibiting distribution of material containing inappropriate language to inmates. *Id*. After returning the mail, McCreary informed Plaintiff about the returned mail. *Id.* at 4. As for the assertion that Diantre Brown received an identical mailing from Plaintiff's mother, McCreary explained that a "number of people handle the mail, and if someone else reviewed it for contraband and did not review the content closely, it is possible it could have been allowed to go to the inmate." *Id*. Additionally, McCreary notes that staff members viewing the same piece of mail could, in their individual discretion, reach different decisions as to its appropriateness. *Id*. McCreary believed the content of the materials was inappropriate under SLRDC policy regardless of which inmate was the intended recipient, and McCreary claims the decision was not made because it was being sent to Plaintiff, with whom she has had minimal dealings. *Id*.

## II. Report and Recommendation

*Conditions of Confinement (Shoelaces Claim)*

Noting that a pretrial detainee's claim challenging conditions of confinement is evaluated under the Fourteenth Amendment rather than the Eighth Amendment, the magistrate judge indicated Plaintiff must demonstrate that Defendants deprived him of a "basic need," that "this deprivation was attended by deliberate indifference on the part of the [D]efendants," and that Plaintiff suffered "serious or significant

6

physical or emotional injury resulting from challenged conditions." (ECF No. 59 at 14–15 (citing *Strickler v. Waters*, 989 F.2d 1375, 1379–81 (4th Cir. 1993))).

The magistrate judge found "[i]t is undisputed that Plaintiff received shoes with Velcro [fasteners]" and concluded, therefore, that Plaintiff failed to show he was deprived of a basic need. *Id*. at 15. As to deliberate indifference, the magistrate judge found that Plaintiff failed to present sufficient evidence to create a question of fact regarding whether Director Ray knew of and disregarded an excessive risk of harm to Plaintiff. *Id*. at 15–16. Specifically, the magistrate judge pointed out that Plaintiff failed to produce any medical record showing that he needed shoes *with shoestrings* for medical reasons. *Id*. at 16. To the contrary, the magistrate judge noted Plaintiff's medical records reflected that Plaintiff was prescribed compression socks for his foot and ankle pain, instructed on the importance of wearing them, and placed on a trial of Neurontin for neuropathy pain. *Id*. The Report pointed out that Plaintiff's mother, after talking with Director Ray, obtained supportive shoes with a velcro strap, and sent them to Plaintiff. *Id*. at 17. The magistrate judge concluded that Plaintiff failed to demonstrate a clear, triable issue of fact regarding whether Director Ray was deliberately indifferent to a serious risk of harm to Plaintiff based on her conduct at issue in this action.

*Interference with Mail in Violation of the First Amendment*

With respect to Plaintiff's claim that McCreary's handling of his mail abridged his First Amendment rights, the magistrate judge recognized that prisoners generally have a First Amendment right to both send and receive mail but that such right "does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Id*. at 19 (citing *Wolff v. McDonnell*, 418 U.S. 539, 575 (1974)). The magistrate judge also recognized that prisoners only retain such First Amendment rights that are not inconsistent with the legitimate penological objectives of the corrections system. *Id*. at 20. Applying these standards to the facts as described above, and in the Report, the magistrate judge determined that "[t]he policy with regard to mail is for security purposes of maintain discipline and safety and the security of the institution" and concluded, therefore, that it is a valid policy reasonably-related to legitimate penological interests. *Id*. at 20–21. Accordingly, the magistrate judge recommended that the court grant Defendants' summary judgment motion (ECF No. 43) and deny Plaintiff's competing motion (ECF No. 40) as to this issue.

*Due Process Claim: Violation of State and SLRDC Mail Policies*

Plaintiff contends that McCreary's handling of the mail violated South Carolina's Minimum Standards ("Minimum Standards") for Local Detention Facilities and, therefore, amounted to a violation of his constitutional rights. (ECF Nos. 40-1 at 15; 59 at 21). For Plaintiff's purposes, the relevant portion of the

8

Minimum Standards provides that "[e]ach facility shall develop and implement a written plan for the handling of inmate mail. Such a plan shall include the following provisions: (a) Inmate mail shall not be read except where there is reasonable suspicion that a particular item of correspondence threatens the safety or security of the institution, the safety of any person, or is being used for furtherance of illegal activities." (ECF Nos. 40-2 at 23–25; 59 at 22).

The magistrate judge recognized that a due process claim must be grounded in a protected liberty or property interest, which "may arise from the Constitution itself," or "from an expectation or interest created by state laws or policies." (ECF No. 59 at 22–23). The Report correctly observed that, in the "prison context, a constitutionally protected liberty interest exists when a prison's actions may affect the duration of the prisoner's term of imprisonment," but "[o]therwise, such a liberty interest exists only when a prison policy imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. at 23 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Applying these principles, the magistrate judge concluded that Plaintiff failed "to show that monitoring his incoming mail created an atypical or significant hardship on [him] in relation to the ordinary incidents of prison life," and, therefore, "no liberty interest is created by the Minimum Standards or detention center policy." *Id.* at 24–25 (internal quotation marks omitted). As a result, the magistrate judge recommended that the court grant

9

Defendants' summary judgment motion (ECF No. 43) and deny Plaintiff's cross-motion (ECF No. 40) as to this issue.

*Equal Protection*

Plaintiff claims that Defendants refused to allow him shoes with laces and returned his mail to sender as a result of discriminatory animus in violation of the Equal Protection Clause. [citation needed]. The magistrate judge identified the proper framework for considering an equal protection challenge, noting that "[i]n order to establish an equal protection claim, the inmate must show that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." (ECF No. 59 at 25 (citing *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985))).

The magistrate judge rejected Plaintiff's contention that Defendants discriminated against him on account of his Islamic faith as reflected by the fact that there were various non-Muslim inmates at SLRDC who were permitted to wear their personal lace-up shoes. *Id*. at 25–29. The magistrate judge found that, based on the record, "either inmates were approved by medical to have shoestrings or the record does not establish whether inmates allowed shoestrings were Muslim or non-Muslim." *Id*. at 25–26. Additionally, the magistrate judge found no evidence indicating Defendants were aware of Plaintiff's religious affiliation. *Id*.

10

Finally, the magistrate judge concluded that Plaintiff cannot establish McCreary's decision related to Plaintiff's mail on the one occasion in question was based on Plaintiff's religious status. *Id*. at 26. Having noted that Plaintiff did not offer evidence McCreary was aware that Plaintiff was a Muslim, the magistrate judge also noted that Diantre Brown, a Muslim inmate, did receive "the similar package from Plaintiff's mother," casting doubt on the contention that Plaintiff did not receive mail on that one occasion because he is Muslim. *Id*. at 29. Therefore, the magistrate judge recommended that the court grant Defendants' summary judgment motion (ECF No. 43) and deny Plaintiff's cross-motion (ECF No. 40) as to this issue of Equal Protection.

*Qualified Immunity*

The magistrate judge also recommended that the court grant Defendants' summary judgment motion (ECF No. 43) and deny Plaintiff's summary judgment motion (ECF No. 40) on the additional basis of qualified immunity. (ECF No. 59 at 29–31).

*State Law Claims*

Finally, the magistrate judge stated that, "[a]ssuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory," the

magistrate judge recommended that the court decline to exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367(c).  (ECF No. 59 at 31–32).

### III. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*,

*Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## IV. Discussion

The court has thoroughly reviewed the detailed Report of the magistrate judge (ECF No. 59) and agrees with, adopts, and incorporates herein its analysis and conclusions regarding Plaintiff's failure to present sufficient evidence to establish Defendants violated his constitutional rights. The court finds no reason to deviate from the Report's recommended disposition.

Plaintiff submitted fifteen pages of objections to the Report. (ECF No. 61). First, Plaintiff recites various general legal principles that are not in dispute or are

irrelevant. *Id*. at 2–4. These do not constitute specific objections to the magistrate judge's Report, and the court overrules them.

Plaintiff also objects to the magistrate judge's statement that Plaintiff's motion for summary judgment does not challenge the SLRDC mail policy itself. *Id*. at 2. The Report, in fact, addressed the viability of this policy, concluding that it is reasonably related to legitimate penological interests. (ECF No. 59 at 20–21). Plaintiff does not object to this particular conclusion. Furthermore, Plaintiff fails to offer anything to show McCreary was responsible for implementing or enforcing this policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). The court agrees with the magistrate judge's conclusions and overrules this objection.

Plaintiff objects to the magistrate judge's conclusion that the Minimum Standards policy did not create a protected liberty interest. (ECF No. 61 at 5–8). Plaintiff's objections focus on the language of this policy for the purpose of showing that McCreary did not comply with it. *See id*. Plaintiff fails, however, to address the dispositive portion of the magistrate judge's determination that the state Minimum Standards prison rules did not create a liberty interest because (1) it did not protect against an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,'" (ECF No. 59 at 23 (quoting *Sandin*, 515 U.S. at 484)), and (2) isolated incidents of mishandled mail do not constitute a due process

violation, *id*. (citing *Fletcher v. Foxwell*, 2020 WL 902886, at *5 (D. Md. Feb. 25, 2020)). The court overrules this set of objections.

Finally, Plaintiff's objections purport to address at length the Report's qualified immunity analysis. (ECF No. 61 at 9–14). The court agrees with the magistrate judge that Plaintiff has failed to establish any constitutional violation, let alone any violation of clearly established constitutional law. Furthermore, Plaintiff's objections regarding qualified immunity provide no basis to deviate from the magistrate judge's recommended disposition in that they consist primarily of statements regarding general black letter legal principles that are either irrelevant or relevant but not in dispute. Accordingly, the court overrules Plaintiff's objections addressing clearly established law and qualified immunity. *Id*. at 9–14.

## IV. Conclusion

Having carefully reviewed the record, the detailed and thorough Report, and Plaintiff's objections, the court **ADOPTS** the recommendation of the magistrate judge and hereby **GRANTS** Defendants' motion for summary judgment (ECF No. 43) and **DENIES** Plaintiff's motion for summary judgment (ECF No. 40). Any other motion pending in this action is **DENIED AS MOOT**.

   **IT IS SO ORDERED.**

                                                          s/Timothy M. Cain
                                                          United States District Judge

Anderson, South Carolina
September 26, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.